**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Margaret Elizabeth Doyle Siebers and Victor Vargo, individually and on behalf of a class of all others similarly situated,<br><br>               Plaintiffs,<br>v.<br><br>Peter W. Barca, Wisconsin Secretary of Revenue, in his official capacity, and the State of Wisconsin Department of Revenue,<br><br>               Defendants. | No. 20-CV-1109 |

## CLASS ACTION COMPLAINT

Plaintiffs, Margaret Elizabeth Doyle Siebers and Victor Vargo, individually and on behalf of the Class defined below, for their Class Action Complaint ("Complaint") against Defendants Peter W. Barca, in his official capacity, and the State of Wisconsin Department of Revenue ("DOR" or "Department"), state as follows:

## INTRODUCTION

1. This action is under 42 U.S.C. § 1983 and the United States Constitution for declaratory, injunctive, and all other relief permitted, whether or not specifically demanded, pursuant to Fed. R. Civ. P. 54(c). It challenges the constitutionality under the Fifth and Fourteenth Amendments to the United States Constitution of certain provisions of the Wisconsin Uniform Unclaimed Property Act, *et seq*. ("UPA" or "Act"), Wis. Stats. § 177.01, *et seq.,* as well Defendants' actions in conformity therewith. A state law claim based upon Wis. Constitution Article I, Section 13 is also pleaded. Unless otherwise indicated herein, all claims and all forms or types of relief are, as appropriate, pleaded or requested in the alternative.

2. The statutory provisions at issue authorize Defendants to take for public use without just compensation private property belonging to Plaintiffs and others similarly situated that the state classifies as "presumed abandoned," including earnings or interest on such property, and Defendants fail, in conformity with such statutes, to pay or do any of the following: (a) return such earnings or interest —which are the property of Plaintiffs; (b) pay just compensation for earnings or interest attributable to unclaimed property, or (c) pay for Defendants' use of Plaintiffs' unclaimed property.

3. The UPA applies to personal property held by a third party such as a bank, insurance company, or utility (the "holder", Wis. Stats. § 177.01(8)). Unclaimed property can include, for example:

- Checking accounts
- Uncashed dividends
- Stocks and mutual funds
- Customer deposits or overpayments
- Credit balances
- Matured life insurance policies

See https://www.revenue.wi.gov/Pages/FAQS/ucp-unclaimed-property.aspx (last visited 9/18/2020).

4. Under the UPA, unclaimed property, also referred to as "presumed abandoned," is any financial asset that has not had owner activity for a period of one year or more. Owner activity generally refers to "[a]ction taken on property by the owner including making a deposit or withdrawal, negotiating a check, or a documented communication by the owner to the holder." https://www.revenue.wi.gov/Pages/FAQS/ucp-terms.aspx#terms3 (Last visited 9/18/2020).

5. Property that is "presumed abandoned," although it continues to be owned by, and be the property of, its owner, is required to be delivered by holders to Defendant[s]' custody. Thereafter earnings on and/or proceeds from the sale of the unclaimed property are used to fund state programs or operations. Thus, although unclaimed property continues to belong to the owner, it and any earnings on it are used to fund state programs or operations.

6. Title to and ownership of presumed abandoned property is, as noted, not actually conveyed or transferred to the State and the State does not become its owner:

> DOR serves as a custodian for abandoned funds and holds these funds indefinitely. There is no time limit for you to claim your money from DOR. If at any time you can prove ownership or legal rights to the unclaimed funds, we will approve payment to you or your heirs without charge.

See https://www.revenue.wi.gov/Pages/FAQS/ucp-unclaimed-property.aspx#ucp6 (Last visited 9/18/2020).

7. Owners are permitted to reclaim the principal amount of their unclaimed property at any time; however, the UPA provides that except for property that was interest bearing to the owner on the date of surrender by the holder, an owner is entitled *only* to the property delivered to the state by the holder (or the proceeds from the sale of that property) and *not* to any interest, earnings or other increments that accrue on the property after delivery to the State or to compensation for these fruits of the property or the State's use of that property to fund state obligations while it is in the state's custody.[1]

Thus, Wis. Stats. § 177.24(3)(a) provides:

> if a claim [for return of unclaimed property] is allowed, the administrator shall deliver the property to the claimant or pay the claimant the amount the administrator actually received or the net proceeds of the sale of the property, together with any additional

---

[1] Note: "[w]henever property other than money is paid or delivered to the administrator under this chapter, the owner is entitled to receive from the administrator any dividends, interest or other increments realized or accruing on the *property at or before liquidation or conversion of the property into money*." (Emphasis added.)

amount required under s. 177.21. If the property claimed was interest bearing to the owner on the date of surrender by the holder, the administrator shall pay interest at a rate of 6 percent per year or any lesser rate the property earned while in the possession of the holder.

8. Plaintiffs seek a declaration that the Wisconsin UPA, to the extent it provides for the State's confiscation of interest and other earnings on unclaimed property without just compensation, and/or for its beneficial use of the property, without just compensation to the owners, and Defendants' actions in failing to return the earnings or interest on Plaintiffs' unclaimed property, failure to compensate for such non-return and failure to compensate Plaintiffs' for their use of Plaintiffs' unclaimed property, is and/or results in an unconstitutional uncompensated taking for which Plaintiffs and the Class they represent are entitled to just compensation. Plaintiffs also seek an injunction to implement that declaration and require compensation and recover just compensation.

## PARTIES

9. Plaintiff Margaret Elizabeth Doyle Siebers is and has been at all relevant times a citizen and resident of Wisconsin. Plaintiff is an "owner" of property, as defined in the UPA, that was not interest bearing to the owner and is currently held in custody by the Defendants.

10. Plaintiff Victor Vargo is and has been at all relevant times a citizen and resident of Wisconsin. Plaintiff is an "owner" of property, as defined in the UPA, that was not interest bearing to the owner and is currently held in custody by the Defendants.

11. Defendant Peter W. Barca is the Wisconsin Secretary of Revenue. In that position, pursuant to the UPA, Defendant Barca, or any predecessor or successor in that position, is and has been in charge of supervising and administering the Act. Plaintiffs sue Defendant Barca in his official capacity. In that capacity, he resides in this District and is subject to suit in this District.

4

12. Defendant State of Wisconsin Department of Revenue is the state agency which administers the UPA. The Department's headquarters are located at 2135 Rimrock Road, Madison, Wisconsin, within this District, and the Department is subject to suit in this District. It has waived or does not enjoy sovereign, 11th Amendment or any other immunity.

## JURISDICTION AND VENUE

13. The claims in this Complaint arise under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367. In addition, this Complaint involves a claim for a Declaratory Judgment under 28 U.S.C. § 2201, *et seq*.

14. Venue is proper because Defendants reside and are subject to suit in this District, and because a substantial portion of the events that underlie the Complaint occurred in this District.

## STATEMENT OF FACTS

### The UPA and Its Operation

15. The Wisconsin UPA, like Unclaimed Property Acts in other states, is based on the Uniform Unclaimed Property Act promulgated by the Uniform Law Commission. Generally speaking, the UPA provides that private property is "presumed abandoned" if its owner or apparent owner has not engaged in what is deemed a sufficient amount of recent activity in regard to the property.

16. When a holder – such as, for example, an insurance company – determines property in its possession is "presumed abandoned" the holder must attempt to notify the owner, Wis. Stats. 177.17 (4) (a) 5., and, if the property is not claimed by the owner, deliver the property to the Department using an electronic Unclaimed Property Holder Report. Wis. Stat. 177.17 (4) (a) 2. The unclaimed property and proceeds from the sale of such unclaimed property are thereafter held in custody for the owner, who is

permitted under the Act to reclaim the principal amount of such property and proceeds from its sale from the State at any time.

17. The Act directs the deposit of unclaimed property and funds received from the sale of such, as well as any earnings or interest, into the school fund, except that an amount may be retained by the State as "liquidity" to enable prompt payment of claims filed by owners of unclaimed property as well as State administrative expenses. Wis. Stats., 177.23.

18. Pursuant to Wis. Stats. 24.76-24.78, monies held in the school fund are to be held in perpetuity for the support of public schools and libraries, with the income distributed and used for that purpose.

19. On information and belief, Defendants currently hold approximately $1 billion pursuant to the Act.[2] Between early 2013 and 2017, Defendants returned more than $119 million to owners of unclaimed property. See https://patch.com/wisconsin/greenfield/does-wisconsin-have-your-money-search-unclaimed-fund-database (last visited 8/4/2020)

20. Property remitted to Defendants pursuant to the Act earns interest, dividends or other accruals, and/or is held in interest-bearing accounts or instruments, and such interest, dividends and other accruals belonging to owners such as Plaintiffs are used by the State as described above and are not remitted to owners, nor are owners compensated.

21. While the Act recognizes that unclaimed property remains the private property of the owner and provides that unclaimed property owners may reclaim their property by filing a claim, it also provides that apart from the exceptions noted above, no interest or earnings realized

---

[2] Maryland, with approximately the same population as Wisconsin, holds approximately $1 billion in unclaimed property. See http://unclaimed-funds.org/maryland/ (last visited 8/4/2020). Arizona, with a slightly larger population, holds "over $1 billion". See https://azdor.gov/unclaimed-property/resource-center/about-unclaimed-property (last visited 8/4/2020).

6

by the Defendants are paid or returned to owners, nor is any compensation for same paid, nor is any compensation paid to the owner for the time the property has been held by the State and used by the State.

### **Plaintiffs' Property**

22. After taking Plaintiffs' property into custody, and while Defendants held it in custody, including any earnings or interest on same, the Defendants used the property for public purposes, including by investing the property and earning interest, and otherwise using it to fund State operations and programs.

23. Under Wis. Stats., 177.24, of the Act, upon Plaintiffs' claiming their property, Defendants will return the property, but will not return the earnings or interest nor pay just compensation for the interest or earnings or for the use of that property during the period of custody.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action on their own behalf and as a class action under Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure seeking declaratory and prospective injunctive relief on behalf of the following class (the "Class"):

> All persons or entities (including their heirs, assignees, legal representatives, guardians, administrators, and successors in interest) whose property is being held, or has been held, in the custody of the Defendants under the Wisconsin Uniform Unclaimed Property Act, except for (1) other states and governmental units or subdivisions of states, (2) persons whose only property so held by the Defendants was interest bearing to the owner on the date of surrender by the holder and who were accordingly paid interest, and (3) persons whose only property so held was non-monetary and returned before liquidation.

25. The members of the Class are so numerous that joinder of all members is impracticable. There are thousands of persons or entities who own property presumed abandoned and held in custody by Defendants under the Act or whose property has been returned to them without interest, earnings or other compensation. For example, the State of Wisconsin holds appx. 250 unclaimed property amounts just for people surnamed Johnson. https://http://tap.revenue.wi.gov/UCPSearch/_/#1 (last visited 9/18/2020). The average amount of each claim is too small to warrant an individual action, making joinder of all class members impracticable. Many unclaimed property amounts held are under $100. See https://tap.revenue.wi.gov/UCPSearch/_/#3 (last visited 8/4/2020)

26. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs' property is being or has been held in custody under the Act by Defendants and, while in state custody, their property is or was subject to the same provisions of the Act that, as alleged, prohibit the Defendants from compensating owners of unclaimed property for lost interest or earnings on that property or for its use.

27. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel competent and experienced in similar, successful, constitutional and class action litigations.

28. There are questions of law and fact common to the Class, including:

   a. whether the Defendants' retention of interest, dividends and other earnings or accruals on unclaimed property is a taking for which just compensation is due;

   b. whether the Defendants' use of unclaimed property in their custody for public purposes is a taking for which just compensation is due;

   c. the proper measure of compensation for the Class;

   d. the amount of interest, earnings and benefit realized by the Defendants from the use of the Class' unclaimed property; and

   e. the appropriate injunctive and declaratory relief for the Class.

29. Plaintiffs' claims arise out of the same common course of conduct by Defendants giving rise to the claims of the other members of the proposed Class. Defendants have acted and refused to act on grounds that apply generally to the Class so that injunctive and declaratory and other relief are appropriate. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## COUNT I

### VIOLATION OF THE JUST COMPENSATION CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES' CONSTITUTION

30. Plaintiffs bring this lawsuit individually and on behalf of the Class described above.

31. The Fifth Amendment to the United States Constitution protects the principal of unclaimed property in the custody of the state and in addition the "fruits" of the property (i.e., the interest, accruals or other benefit of the property's earnings that follows the property or is associated with its ownership, including the "option" or time-value of money applicable to the use of the property). Accordingly, no later than upon return of unclaimed property, Plaintiffs and the Class are entitled to just compensation for their loss occasioned by the state's use and taking of their property and/or the fruits of their property.

32. The measure of just compensation should be based on the property taken and not returned, the value of the property taken, and take into account the time value of money and the value to the Defendants of the benefit conferred on them from the use of the property.

33. Defendants' unlawful course of conduct will continue without a declaration that their conduct violates the rights of the Plaintiffs and members of the Class and an injunction requiring a cessation of the course of conduct described and return of their property and/or the fruits of the property and payment of compensation.

34. Plaintiffs and the Class are entitled to a judgment in their favor and against Defendants declaring their rights with respect to the conduct alleged herein. Judgment should be entered under 28 U.S.C. § 2201, *et seq.*

## COUNT II

### "PENDENT" STATE LAW CLAIM FOR VIOLATION OF WISCONSIN CONSTITUTION SECTION I, ARTICLE 13, JUST COMPENSATION CLAUSE

35. Plaintiffs repeat and reallege paragraphs 1 through 29 above.

36. Article I, Section 13 of the Wisconsin Constitution provides: "The property of no person shall be taken for public use without just compensation therefore."

37. As alleged herein, Defendants have taken property without paying just compensation as required by the Wisconsin Constitution and Plaintiffs are entitled to declaratory, injunctive and compensatory relief. Thus, for example, subsumed within the concept of just compensation is the principle that interest or other just compensation must be awarded on the value of property from the date of the taking, so under Wisconsin law, a governmental unit which has taken property even temporarily must provide just compensation for the period of the taking.

38. Article I, Section 13 is self-executing, and since there is no statute providing for recovery of just compensation, the injured property owner may proceed directly under that provision of the Constitution, and neither sovereign immunity, nor notice of claim requirements are applicable to an action.

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against Defendants as follows:

    a. Finding and declaring that this action is properly a class action under Rule 23 of the Fed. R. Civ. P. on behalf of the Class defined above, and that Plaintiffs are proper Class representatives and designating undersigned counsel as Class Counsel;

    b. Declaring that Defendants' uncompensated retention and/or confiscation of the Plaintiffs' property or its use value, interest, dividends, earnings, or other fruits of the property delivered to the Defendants is a taking under the Fifth Amendment to the U.S. Constitution for which the Defendants must pay just compensation, and a taking under Article I, Section 13 of the Wisconsin Constitution for which the Defendants must pay just compensation;

    c. Declaring the proper measure of just compensation. taking into account the time value of money and value to the Defendants of the use of the property;

      d.      Declaring that Defendants must pay just compensation, and enjoining the Defendants to comply with that declaration and awarding just compensation;

      e.      Awarding attorneys' fees and costs and expenses, pursuant to 42 U.S.C. § 1988, and applicable principles of equity, including without limitation common fund principles; and

      f.      Awarding all other and further relief the Court deems necessary and proper, including without limitation all relief available under or mandated by Rule 54(c), Fed. R. Civ. P., *e.g.,* all "relief to which each party is entitled, even if the party has not demanded that relief in its pleadings".

| | |
|---|---|
| | Margaret Elizabeth Doyle Siebers and Victor Vargo, individually and on behalf of a Class of others similarly situated, |
| December 15, 2020 | /s/ Dennis M. Grzezinski<br>Dennis M. Grzezinski<br>One of the Attorneys for Plaintiffs |

Dennis M. Grzezinski
Law Office of Dennis M Grzezinski
1845 N. Farwell Avenue, Suite 202
Milwaukee, WI 53202
Tel: 414 530-9200
Email: dennisglaw@gmail.com

Charles R. Watkins [pro hac vice pending]
Guin, Stokes & Evans, LLC
321 South Plymouth Court, Suite 1250
Chicago, IL 60604
Tel: 312-878-8391
Email: charlesw@gseattorneys.com

Garrett Blanchfield [pro hac vice pending]
Roberta A. Yard  [pro hac vice pending]

Reinhardt, Wendorf & Blanchfield
332 N. Minnesota Street, #W1050
St. Paul, MN 55101
Tel: (651) 287-2100
Email: g.blanchfield@rwblawfirm.com.com
       r.yard@rwblawfirm.com