IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTOR VARGO and CARIJEAN BUHK,
individually and on behalf of a class of all others
similarly situated,

                        Plaintiffs,                        OPINION and ORDER

          v.                                               20-cv-1109-jdp

DAVID CASEY, Wisconsin Secretary
of Revenue,

                        Defendant.

---

Plaintiffs Victor Vargo and Carijean Buhk own financial assets that were turned over to the state of Wisconsin in accordance with the state's unclaimed property law because plaintiffs failed to claim those assets. The funds are in the custody of defendant David Casey, Wisconsin Secretary of Revenue.

The parties agree that plaintiffs are entitled to the return of their property. But plaintiffs contend that the state's method for determining how much interest must be paid violates the Takings Clause of the Fifth Amendment. The court previously certified a class of people whose property was being held by the state under the unclaimed property law, Dkt. 63, and later granted plaintiffs' motion for summary judgment in part, concluding that the unclaimed property law violates the Takings Clause because "it fails to guarantee that a property owner will receive at least the state-earned interest when she reclaims her property," Dkt. 93, at 3.

The issue before the court now is what relief plaintiffs are entitled to. Plaintiffs have submitted a proposed declaration and injunction. Dkt. 96-1. The secretary objects to the proposal, contending that neither declaratory nor injunctive relief are warranted and that plaintiffs' proposed language is objectionable on multiple grounds. As explained in this opinion,

the court concludes that plaintiffs are entitled to declaratory relief, but the injunction they request is too vague to comply with the Federal Rules of Civil Procedure, and issuing the injunction could lead to numerous disputes down the road about what the injunction means. Plaintiffs have not identified a way to address that problem, so disputes about particular applications of the unclaimed property law will have to be raised outside this case.

ANALYSIS

Plaintiffs' claims in this case arise out of Wisconsin's unclaimed property law, Wisconsin Statute chapter 177, which sets forth the process for the state to take custody of unclaimed property and then to return it to owners if and when they claim it. The question in this case is about the amount of interest the state must pay when property is reclaimed. The main provision being challenged is Wis. Stat. § 177.0607(2), which states in part:

> [W]hen the administrator pays to a claimant property in the form of money, . . . the administrator shall pay simple interest on that money for the period that it was in the custody of the administrator or this state at an annual rate equal to the applicable annual federal long-term rate.

Plaintiffs also challenge § 177.0607(3), under which the state will not pay any interest that accrued before January 2, 2019. In the summary judgment decision, the court held that both provisions violate the Takings Clause:

> Under the Takings Clause, Wisconsin must allow plaintiffs the benefit of the property's earnings, however large or small they turn out to be. On its face, Wisconsin's [unclaimed property law] doesn't do this. The state doesn't allow the owner the benefit of any earnings on their property before January 2, 2019. And when it does pay interest, it does so at a rate not tied to any actual state earnings, but at a long-term federal rate that may be less than the state's return on the invested . . . funds.

Dkt. 93, at 25 (citations and internal quotation marks omitted).[1] As the court acknowledged elsewhere in the opinion, this conclusion does not apply when the principal is less than $100 because plaintiffs dropped that part of their claim. Dkt. 93, at 7; *see also Goldberg v. Frerichs*, 912 F.3d 1009, 1011 (7th Cir. 2019) ("Amounts as slight as $100 probably cannot earn net interest.").

The court previously dismissed plaintiffs' claims for damages on sovereign immunity grounds, Dkt. 4, at 15–17, so plaintiffs are no longer seeking just compensation for any taking of their property. Rather, plaintiffs are seeking a declaration and injunction that requires the secretary to change its method going forward when he calculates interest for property being returned under the unclaimed property law. The court will first consider plaintiffs' request for declaratory relief and then their request for a permanent injunction.

## A. Declaratory relief

The court has already concluded that §§ 177.0607(2) and (3)(c) violate the Takings Clause, so it follows that it is appropriate to issue declaratory relief to that effect. The secretary objects to a declaration on the grounds that it would violate sovereign immunity and that plaintiffs should be required to go to state court for a remedy. But the court already rejected those arguments in the summary judgment opinion, Dkt. 93, at 14–19, so it is not necessary to revisit those issues.

The court will address one issue raised by the secretary, which is that *Gerlach v. Rokita*, 95 F.4th 493 (7th Cir. 2024), stands for the proposition that plaintiffs are not entitled to relief

---

[1] Citations to documents filed on the docket reflect the page numbers as they appear on the headers in the court's electronic case file, not the page numbers on the documents themselves.

if a state remedy is available. The secretary's reliance on *Gerlach* is misplaced because the plaintiff in that case was not seeking declaratory relief, only damages. *Id.* at 497–99. In arguing that sovereign immunity should not bar her claim, the plaintiff argued that "she must have recourse in federal court" because Indiana state courts "are closed to her claim for compensation." *Id.* The court rejected this argument, reasoning, "[e]ven if there is a viable exception to a state's sovereign immunity where its courts are not open to Takings Clause compensation claims—an exception this court has never recognized—Indiana courts are open to hear Gerlach's claim for just compensation." *Id.* The court did not hold or imply that a federal court cannot grant any relief on a takings claim if relief is possible in state court. Such a ruling would be inconsistent with *Knick v. Township of Scott, Pennsylvania*, in which the Supreme Court held that "pursuit of a remedy in federal court [for a violation of the Takings Clause] need not await any subsequent state action." 588 U.S. 180, 202 (2019).

As for what the declaration should say, plaintiffs propose three paragraphs of largely redundant information. *See* Dkt. 96-1. But the court concludes that the declaration should be short and to the point. The court will enter the following declaration:

> It is DECLARED that Wisconsin Statute §§ 177.0607(2) and (3)(c) violate the Takings Clause of the Fifth Amendment of the United States Constitution because they do not guarantee that property owners who are entitled under Wisconsin Statute § 177.0904 to the return of unclaimed property with a principal value of more than $100 will be paid no less interest on their unclaimed property than what the state earned on such property while held in its custody, less reasonable administrative expenses.

This declaration includes the key information proposed by plaintiffs. It establishes that the state's current method for calculating interest under the unclaimed property law is unconstitutional and provides the basic principle for correcting it: interest paid to the property

owner must be no less than the interest the state earned on the property, minus reasonable expenses.

The court agrees with the secretary that the declaration should not include any language about compliance with the requirement in § 177.0607 to provide the property owner with at least the "federal long-term rate." As both sides acknowledge, that rate may be higher than the interest the state earned in some circumstances. Whether the secretary provides property owners with the federal rate when it is higher is a matter of state law that is outside the scope of this lawsuit. Federal courts generally may not issue injunctive or declaratory relief against the state under state law. *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 778 (7th Cir. 1991).

## B. Injunctive relief

The secretary objects to injunctive relief on numerous grounds, but the court need only consider one issue, which is that plaintiffs' proposed injunction does not comply with Federal Rule of Civil Procedure 65(d). That rule requires the injunction to "describe in reasonable detail . . . the act or acts restrained or required," among other things. The problem is that plaintiffs do not explain how to account for the state's reasonable expenses.

The Court of Appeals for the Seventh Circuit has held in three cases that the state is entitled to deduct reasonable expenses from the property it returns to an owner. *Goldberg v. Frerichs*, 912 F.3d 1009, 1010 (7th Cir. 2019) ("[P]eople whose property is taken into custody by [the state] are entitled to receive the time value of their property (that is, interest or other earnings), less reasonable custodial fees."); *Kolton v. Frerichs*, 869 F.3d 532, 533 (7th Cir. 2017) ("A state may charge a bookkeeping fee."); *Cerajeski v. Zoeller*, 735 F.3d 577, 579–80 (7th Cir. 2013) ("The state is certainly entitled to charge a fee for its services in taking custody of

5

unclaimed property and trying to locate the owner."). The court said little about how the reasonableness of the expenses is to be determined, except that the amount of the expenses should "bear[] [a] relation to the cost of the services that the state has performed in relation to the account." *Cerajeski*, 735 F.3d at 579–80.

Plaintiffs' proposed injunction says nothing about the state's right to deduct administrative expenses, suggesting that the secretary would violate the injunction if he attempted to deduct those expenses. The court understands plaintiffs to contend that language about administrative expenses is not needed because there is no statutory authority for deducting expenses, so there is no need to account for them in the order. The secretary disputes plaintiffs' understanding of state law, contending that Wis. Stat. § 177.0801(2) authorizes deductions.[2] But even if the court assumes that current law does not allow deductions, it does not follow that the court may ignore the issue.

There is some support for plaintiffs' view in *Cerajeski*, in which the court held that the plaintiff was entitled to relief without regard to the state's expenses because the state's unclaimed property law did not authorize the deduction of any expenses that were relevant to the plaintiff's property. 735 F.3d at 579–80. But *Cerajeski* was an individual claim for damages. This is a class action for permanent injunctive relief, so this case has consequences not just for the named plaintiffs but for anyone in Wisconsin who seeks the return of unclaimed property in the future. If the court were to issue an injunction that did not account for reasonable expenses, that injunction would preclude state officials from enacting a statute, regulation, or

---

[2] Section 177.0801(2) directs the secretary to "deposit in the general fund an amount that the administrator reasonably estimates is sufficient to pay claims allowed under this chapter and administrative expenses." The provision does not say where the money for administrative expenses may be drawn from.

policy that allowed the court to deduct those expenses. Officials would have to move to modify the injunction before they could take action. So any injunction must account for reasonable expenses.

Plaintiffs say that the court can wait to provide guidance about what expenses can be deducted until an individual class member has a dispute with the secretary over a deduction:

> If and when Defendant commences to deduct expenses, by statutory authorization or otherwise, and if and when the Court approves such deductions, Defendant will likely make the deductions from class members' recoveries automatically, without Plaintiffs having to "show" anything. If Plaintiffs challenge Defendant's deductions, Plaintiffs may need to show something but until then, Plaintiffs need not "show" anything.

Dkt. 93, at 10. Plaintiffs' proposal is inconsistent with Rule 65. As already noted, any injunctive relief must "describe in reasonable detail . . . the act or acts restrained or required." The court cannot omit a key term or leave it undefined, to be resolved at some later date.

If the court were to adopt plaintiffs' proposal, it could require numerous individualized determinations for what qualifies as a reasonable expense as applied to particular class members. That is not how injunctive relief is supposed to work. The injunction must be specific enough at the outset so that "the enjoined party is fairly apprised of his responsibilities and the court can objectively assess compliance." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892–93 (7th Cir. 2011). The court of appeals has rejected requests for injunctions when, as in this case, "[s]upervising compliance with the envisioned injunction would be administratively challenging." *Id.*

The only specific suggestion is offered by the secretary, who says that, "[a]t the time of briefing, [administrative costs] costs were approximately $20.58 of statutorily-authorized expenses per claimed property." Dkt. 97, at 25. This figure appears to be based on estimates

of the state's average amount of administrative expenses in 2022. *See* Dkt. 66, ¶ 36. Plaintiffs object to that figure on multiple grounds, and the court agrees with plaintiffs that the secretary's proposal should not be incorporated into the judgment. The secretary does not explain why a flat fee would be reasonable regardless of circumstances, and he acknowledges that the amount could change in the future. So the figure is inadequately supported and fails to take into account changing circumstances. But plaintiffs do not offer an alternative proposal for the court to consider.

The bottom line is that injunctive relief is not appropriate because plaintiffs have not proposed an injunction that complies with Rule 65. Plaintiffs had the opportunity in their summary judgment submissions, their opening supplemental brief, and their reply supplemental brief to submit an appropriate proposal, so the court declines to give plaintiffs another chance. The relief in this case will be limited to a declaration. The declaration likewise does not define "reasonable expenses," but that is not a bar to declaratory relief, which is not governed by Rule 65. *See Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 647 (7th Cir. 2002). If any class member has a dispute with the secretary about the reasonableness of any deducted expenses, that issue will have to be raised in a separate lawsuit.

The only remaining question is whether to stay the judgment pending appeal. In making that determination, the court must balance the harms that could follow from granting or denying a stay. *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 549 (7th Cir. 2007).

In this case, the balance of harms counsels in favor of a stay. Once the state changes its method for calculating interest and begins making payments under that method, it would be virtually impossible for the state to claw back any overpayments it made if an appellate court determines that plaintiffs are not entitled to any relief. But any class members who believe that

8

they will receive a larger payment under the new method are free to wait until the appeal is

resolved before asking for the return of their property. So the court concludes that the balance

of harms favors the state, and the court will stay the judgment.


ORDER

IT IS ORDERED that:

1. It is DECLARED that Wisconsin Statute §§ 177.0607(2) and (3)(c) violate the Takings Clause of the Fifth Amendment of the United States Constitution because they do not guarantee that property owners who are entitled under Wisconsin Statute § 177.0904 to the return of unclaimed property with a principal value of more than $100 will be paid no less interest on their unclaimed property than what the state earned on such property while held in its custody, less reasonable administrative expenses.

2. Plaintiffs' request for injunctive relief is DENIED.

3. The clerk of court is directed to enter judgment accordingly and close this case.

4. Enforcement of the judgment will be STAYED for 30 days after entry and, if any party files an appeal, until the appeal is resolved.

Entered March 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge